CORISAND W. WOODBRIDGE, Administratrix.

*vs.*

EUNICE S. TILTON, Administratrix, *de bonis non.*

Somerset. Opinion December 8, 1891.

*Probate. Plene administravit. R. S., c. 64, § 43; c. 66, § § 1, 2; c. 71, § 22.*

In an action against an intestate estate, in the hands of an administratix *de bonis non*, the defense that the unadministered assets which came into her hands from her predecessors were exhausted in discharge of the preferred debts, must be sustained, if at all, by regular probate proceedings.

ON REPORT.

The case is stated in the opinion.

*D. D. Stewart,* for plaintiff.

*Merrill and Coffin,* for defendant.

VIRGIN, J. Assumpsit on a joint and several promissory note, dated January 22, 1880, given by W. T. Pettigrove and Freeman Tilton to Charles Woodbridge, for two hundred and

fifty dollars payable on demand and interest at eight per cent. The plaintiff is administratrix on the estate of the payee of the note ; and the defendant is the widow and administratrix *de bonis non* on the estate of Freeman Tilton, one of the makers.

In addition to the general issue, the defendant pleaded, by way of brief statement, *plene administravit* ; and the case comes up on report.

Documentary evidence from the probate court, chronologically stated, shows the following facts :

On December 14, 1887, one Charles E. Tilton was duly appointed and qualified administrator on the estate of Freeman Tilton, of which due notice was given.

At the January term, 1888, the defendant filed her petition for an allowance, alleging therein that "there are no debts and that her husband died solvent."

At the Feburary term, 1888, Charles E. Tilton, administrator, returned an inventory which showed goods and chattels valued at twelve dollars and fifty cents and three promissory notes due the estate, one for one hundred and forty-four dollars and eight cents, one for thirty-four dollars and eighteen cents, and the other for one hundred and forty-five dollars, and cash three dollars, all amounting to three hundred and thirty-eight dollars and seventy-six cents.

At the July term, 1888, Charles E. Tilton, administrator, having died, the defendant was duly appointed and qualified administratrix *de bonis non* on the estate of her husband, of which notice was duly given ; but no inventory was ever returned by her.

At the August term, 1888, Charles E. Tilton having died, his first and final account of administration was duly settled by Relief G. Tilton, administrator on his estate ; by which it appears that, after payment of expenses of his administration of the estate of Freeman Tilton, a balance of two hundred and ninety-eight dollars and seventy-six cents was found against her intestate as administrator, which was turned over to the defendant administratrix *de bonis non.* This balance consisted, as she testified, of the two larger notes mentioned in the inventory

returned by Charles E. Tilton hereinbefore stated, and which remained uncollected.

At the November term, 1888, after due notice on the defendant's petition for allowance filed at the previous January term, the judge of probate made the following summary decree: "That there be allowed to said widow, out of the personal estate of said deceased, all that remains after paying thirty dollars for grave stones and the expenses of administration."

The defendant as administratrix *de bonis non* is subject to the responsibilities of the original representative of her husband's estate with respect to the estate left unadministered by him. Sch. Ex. and Ad. § 409. The two larger notes described in her predecessor's inventory remaining uncollected and hence unadministered (Sch. Ex. and Ad. § 408) were turned over to her, which discharged him and made her accountable therefor. *Fay* v. *Muzzey*, 13 Gray, 53; *Cobb* v. *Muzzey*, *Id.* 57. Thereupon it became her duty to return a true inventory of them (Sch. Ex. and Ad. § 408) and of all real estate "which came to her possession and knowledge." R. S., c. 64, § 43.

As before seen, the defendant returned no inventory whatever; and this omission was a breach of her bond. *Bourne* v. *Stevenson*, 58 Maine, 499.

To enable the defendant to exonerate herself from this liability for the assets which "came to her possession" from her predecessor, it must appear from the regular probate proceedings that she has exhausted them in discharge of the preferred debts enumerated in R. S., c. 66, § 1, which include her allowance regularly decreed. "It is only by an inventory and an account and by regular proceedings in the probate court, that an administrator can defend a suit on the ground of insolvency of the estate." *Cushing* v. *Field*, 9 Met. 180; *Bates* v. *Avery*, 59 Maine, 354. If, however, the assets are sufficient only to pay the preferred debts, the statute does not require the useless ceremony of formally representing the estate insolvent. R. S., c. 66, § 2. There was no inventory filed and no account settled, and a very compendious decree for allowance made. Such a mode of settling estates cannot properly be upheld when called in question by creditors.

The case further shows that Freeman Tilton (defendant's husband,) on December 21, 1881, eleven months after giving the note in suit for the consideration mentioned of one thousand seven hundred and fifty dollars, conveyed his farm to this defendant, then his wife. That on November 8, 1882, she, in consideration of the same named sum, conveyed the same farm to Elmer D. McFarland, who on the same day, "in consideration of having a deed of conveyance of the homestead farm of Eunice S. Tilton and Freeman Tilton," mortgaged the same "to the said Eunice and Freeman, their heirs," &c., to secure their maintenance "during their natural lives."

These conveyances, the plaintiff contends, were fraudulent so far as the note was concerned, as they were made long after the note was given. Conveyances from husband to wife are to be closely scanned when the rights of his creditors are concerned. *Robinson* v. *Clark*, 76 Maine, 493. A husband, who is justly indebted to his wife, may appropriate his property to the payment of her claim, to the exclusion of his other creditors. *Ferguson* v. *Spear*, 65 Maine, 277; and a conveyance by a debtor to his wife is not to be presumed to be fraudulent. *Grant* v. *Ward*, 64 Maine, 239. But when made without consideration, they are subject to the debts of existing creditors, although no fraud was actually intended thereby (*Robinson* v. *Clark, supra*), and an agreement to support a grantor may be a valuable consideration, but it is not sufficient to uphold a conveyance against prior creditors even when there was no intended fraud. *Webster* v. *Withee*, 25 Maine, 326; *Sidensparker* v. *Sidensparker*, 52 Maine, 481; *Egery* v. *Johnson*, 70 Maine, 258.

And it is the duty of an administrator *de bonis non* when aware of a fraudulent conveyance to make a sale of land thus conveyed. R. S., c. 71, § 22. A refusal or neglect so to do would create such a liability as is visited upon other malfeasance or nonfeasance in the performance of his trust. Sch. Ex. and Ad. § 297; *Brown* v. *Whitmore*, 71 Maine, 65, 67. And when sold the proceeds would be assets to be administered. *Brown*

v. *Whitmore, supra.* The defendant knows whether or not she paid her husband the consideration named in his deed to her.

*Judgment for amount due on the note.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.